IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD R. COSS, | : | CIVIL ACTION NO. **1:CV-04-1847** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| JAMES WYNDER, | : | |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

On August 19, 2004, the Petitioner, formerly incarcerated at the State Correctional Institution at Dallas, Pennsylvania, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his September 11, 1990, aggravated and simple assault convictions in the Lackawanna County Court of Common Pleas ("LCCCP"). **(Civil No. 04-1847, Doc. 1)**.[1] Petitioner also states that in October, 1985, he admitted guilt in a juvenile adjudication to the offenses of theft and receiving stolen property. He challenged his juvenile conviction based on his claim that, during the court proceedings, he was unlawfully induced to admit to burglary in addition to the stated theft offenses, even though he and the judge did not make any reference to this charge. (Doc. 1, pp. 2, 5). The Petitioner contended that his 1990 LCCCP sentence for assault was improperly

---

[1]Petitioner was subsequently confined at SCI-Smithfield. Thereafter, Petitioner's maximum sentence term expired and he was released from confinement on or about March 21, 2005. Petitioner presently resides at 118 South Church Street, Carbondale, Pennsylvania. (Doc. 54).

enhanced by the juvenile burglary adjudication, despite his claim that he was not found guilty of burglary. Thus, Petitioner claimed that he did not plead guilty to burglary, a felony, and that this crime is not part of his 1985 convicted theft offenses, misdemeanors. The Petitioner claimed that as a result of this error regarding his 1985 juvenile court conviction, he has improperly received enhanced sentences for subsequent crimes, including the 1990 conviction at issue herein, and that he will continue to be subjected to various collateral consequences from this 20-year-old error. As the District Court has stated, "Coss' 2254 petition attacks both his 1990 conviction and his 1985 guilty plea." (Doc. 8, p. 4).

We gave preliminary consideration to the petition pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. We recommended that this case be stayed while Petitioner exhausted his state court remedies. (Doc. 6).[2] The District Court did not accept our recommendation and excused Petitioner from exhausting his state court remedies.[3] The District Court then remanded the case to us in order to determine if the Petitioner was in custody on his 1985 conviction for purposes of § 2254. (Doc. 8). We directed service of the Petition and ordered the parties to file briefs on the stated custody issue. The briefs were filed. (Docs. 15, 17, 34, 39, 40, and 41). On February 14, 2005, we issued a Report and Recommendation in which we

---

[2]Specifically, on June 13, 1997, Petitioner filed a *pro se* state Post Conviction Relief Act ("PCRA") petition, 42 Pa. C.S.A. § 9541, *et seq.*, which is pending with the LCCCP.

[3]In his Petition, Petitioner stated that due to the inordinate delay with the state court in ruling on his 1997 PCRA petition, he should be excused from exhaustion based on the futility exception. (Doc. 1, attached pp. 13-14).

recommended, in part, as follows:

> [T]hat, to the extent that Petitioner is seeking to attack his 1985 juvenile guilty plea and conviction, this claim in his 04-1847 Habeas Petition should be dismissed, since he is no longer in custody on this conviction. Further, it is recommended that Petitioner's 05-0246 Habeas Petition attacking his 1985 juvenile guilty plea and conviction be dismissed. To the extent that Petitioner is claiming in his 04-1847 Habeas Petition that his 1985 juvenile conviction was used to enhance his sentence for his 1990 conviction, a sentence he is currently serving, and that he was wrongfully convicted of the 1990 assault, these claims should proceed and the case should be remanded to the undersigned for a determination on these issues after briefing by the parties.
>
> (Doc. 48).

On April 12, 2005, the District Court issued a Memorandum and Order adopting our Report and Recommendation and remanding Petitioner's 04-1847 habeas petition to us for a determination of his claims. (Doc. 55). In particular, the District Court held as follows:

> In his seventh and eighth objections, Petitioner contends that the magistrate erred in finding that he could not challenge his 1985 conviction in its entirety. The magistrate found that Coss had completed his sentence for his 1985 and 1986 convictions and we agree with this determination. Since Petitioner is no longer serving his 1985 sentence, he cannot be considered "in custody" on that conviction for purpose of a § 2254 petition. *Maleng v. Cook*, 490 U.S. 488, 492; 109 S.Ct. 1923, 1926; 104 L.Ed. 2d 540, 545 (1989). As such, Coss can attack his 1985 conviction only to the extent that it was used to enhance his sentence for his 1990 conviction. *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 404; 121 S.Ct. 1567, 1574; 149 L.Ed. 2d 608, 618 (2001). In that regard, there are two claims that petitioner can raise: (1) a Sixth Amendment violation of his right to counsel; and (2) actual innocence. 532 U.S. at 404-5; 121 S.Ct. at 1574-5; 149 L.Ed. 2d at 618-9. Therefore, the magistrate was correct in determining that Petitioner cannot attack the entirety [FN3] of his 1985 conviction.
>
> FN3 - In this instance, the word entirety is used to indicate that the Petitioner cannot raise a separate challenge to his 1985 conviction. He can only attack the 1985 conviction as it relates to the enhancement of his 1990 sentence. Further, it is also

> used to indicate that the claims Petitioner can raise with regard to the 1985 conviction are limited in scope.

(Doc. 55, p. 4).

Upon remand of the habeas petition to the undersigned, we directed the parties to file supplemental briefs on the Petitioner's remaining habeas claims, *i.e.* that his 1985 juvenile conviction was improperly used to enhance his sentence for his 1990 assault conviction and that he was wrongfully convicted of the 1990 assault. Further, Petitioner claims that he was innocent of the 1990 assault conviction and that his trial and appellate counsel with respect to this conviction were ineffective. (Doc. 56). We also directed the parties to address the issue of whether Petitioner was still "in custody" on his 1990 conviction for purposes of a §2254 habeas petition and whether Petitioner could attack his 1990 conviction in its entirety. (*Id.*).

Both parties filed their supplemental briefs. (Docs. 59 & 60).

## II.  State Procedural History.

In October, 1985, Petitioner was adjudicated guilty in a juvenile proceeding in which he admitted guilt to theft and receiving stolen property. As stated above, Petitioner claims that he did not admit to burglary, but he was also adjudicated guilty on this charge in his juvenile proceeding. No appeal of the juvenile charges was filed.[4] On or about September 11, 1990, following a jury trial, Petitioner was convicted as an adult in LCCCP of aggravated and simple assault. Petitioner

---

[4] As the District Court stated, the Petition did not indicate the length or term of Petitioner's sentence as a result his 1985 guilty plea. Rather, Petitioner stated that he was placed in "Youth Forestry Camp #2" as his sentence. (Doc. 8, p. 4, n. 2). As indicated above, this Court has previously determined that Petitioner has fully served his sentence for the 1985 conviction. (Doc. 55, p. 4).

directly appealed his judgment of sentence to the Pennsylvania Superior Court, and on December 13, 1995, his conviction was affirmed, but his sentence was vacated. (Doc. 1, p. 3). Thus, Petitioner states that he was ordered to be re-sentenced. Petitioner was re-sentenced on the adult charges on March 26, 1996. At the re-sentencing, his attorney challenged the use of the juvenile burglary adjudication to enhance his adult sentence for his 1990 conviction, since it was claimed that he never admitted to such a charge and this charge was not ever mentioned during the juvenile proceedings. (Doc. 1, p. 6).[5]

Petitioner stated that his maximum sentence on his adult charges (1990 conviction) would expire on March 14, 2005. (*Id*. at p. 7 & p. 4). As noted, Petitioner filed a change of address with the Court dated March 21, 2005, stating that he now resides at his home address in Carbondale. (Doc. 54).

---

[5]The Pennsylvania Superior Court, in its June 9, 1997, reported decision, discussed the state procedural background of Petitioner's case. *See Com. v. Coss*, 695 A.2d 831 (Pa. Super. 1997).

The Superior Court indicates that Petitioner was re-sentenced by LCCCP to the same sentence as his original sentence for his 1990 conviction. Petitioner then appealed his re-sentencing to the Superior Court. On June 9, 1997, the Superior Court affirmed Petitioner's sentence he received in his re-sentencing. In his second appeal to the Superior Court, the Petitioner raised, as one of his issues, the trial court's calculation of his prior offense score based in part on the juvenile felony burglary conviction. The Superior Court decided this issue on the merits and held that, since the Petitioner was adjudicated delinquent in 1985 after he pled guilty to several charges, including burglary, it was proper for the trial court to conclude that Petitioner was adjudicated delinquent of the felony burglary charge. The Superior Court also held that the record was clear that Petitioner knowingly admitted to the commission of a felony. Thus, the Superior Court found that the trial court did not err in its sentencing with respect to the 1990 conviction by raising Petitioner's prior record score based on his juvenile felony adjudication. 695 A.2d at 836.

In his present Habeas Corpus Petition, the Petitioner states that he raised the following claim in his direct appeal of his 1990 conviction:

> That record was ambiguous. That transcript was not certified and no where in the record does Petitioner admit to the offense of burglary.

(Doc. 1, p. 3, ¶ 9. (e) (4)).[6]

### III. Discussion.

#### *A. In Custody*

The issues that Petitioner is presently raising in case 04-1847 are: (1) whether he was improperly adjudicated guilty of burglary in his 1985 juvenile proceeding; (2) whether he was innocent of the 1990 assault conviction and whether his counsel (trial and appellate) were ineffective with respect to the 1990 conviction; and (3) whether his 1990 assault sentence was improperly enhanced based on a 1985 juvenile adjudication of burglary, which was an offense he did not admit to committing. (Doc. 40, p. 3). Only the latter two claims remain.

The District Court, as mentioned above, has previously held that "[s]ince Petitioner is no longer serving his 1985 sentence, he cannot be consider[ed] "in custody" on that [his 1985] conviction for purpose of a § 2254 petition." (Doc. 55, p. 4). Thus, the Court has already held in this case that Petitioner cannot attack his 1985 guilty plea in its entirety. (*Id*.). The District Court also stated that Petitioner can attack his 1985 conviction only with respect to his claim that it was used to enhance his sentence for his 1990 conviction, which was the only sentence he was possibly

---

[6]As noted, this claim was found to be without merit by the Pennsylvania Superior Court in its June 9, 1997, decision regarding Petitioner's appeal of his re-sentencing with respect to his 1990 conviction. *See Com. v. Coss*, 695 A.2d at 836.

serving at the time of the Court's decision. (*Id*.).[7]  The issue that now arises is whether Petitioner is still "in custody" on his 1990 conviction.[8]  Thus, we must now determine if the Petitioner still meets the in custody requirements under § 2254 on his 1990 conviction.  If he does not, then he can no longer directly attack this conviction.  Additionally, if Petitioner is no longer serving his sentence for his 1990 conviction, then the issue arises as to whether Petitioner can still proceed on his other remaining claim that his prior 1985 conviction was used to enhance his sentence for his fully expired 1990 conviction.

We agree with Respondents in their supplemental brief (Doc. 60, p. 2) that this Court has previously found that Petitioner Coss, as of March 21, 2005, was no longer in custody or serving any sentence. (Doc. 51, May 23, 2005, Order, p. 2, n. 1, *Coss v. Morgan*, 01-878, M.D. Pa.).  We take judicial notice of this as Respondents request and find, based on *res judicata*, that because Petitioner is no longer serving his 1990 sentence, he cannot be considered "in custody" on that conviction for purpose of his instant §2254 habeas petition.  Hence, Petitioner can no longer maintain a direct attack against his 1990 conviction.  Thus, to the extent that the present habeas petition challenges Petitioner's 1990 conviction, we shall recommend that it be dismissed.

---

[7]At the time of its Arpil 12, 2005, Memorandum, the District Court indicated that it did not have any evidence that Petitioner was released from confinement. (Doc. 55, p. 5).

[8]The District Court stated, "[t]o be 'in custody' for purposes of section 2254 a Petitioner must be 'in physical custody under the challenged conviction at the time the petition was filed." (Citation omitted). (Doc. 8, p. 5). Petitioner was clearly in custody on his 1990 conviction when he filed his habeas petition.  However, Petitioner has now fully served his sentence for his 1990 conviction, and he does not claim to have any other subsequent sentence which he has not yet served.

7

The issue now arises as to whether Petitioner can still attack his 1985 conviction insofar as he claims that it was used to enhance his sentence for his 1990 conviction. If Petitioner can still pursue this claim with regard to his 1985 conviction, as the District Court stated, he is limited in scope to raising a Sixth Amendment violation of his right to counsel and an actual innocence claim. (Civil # 04-1847, Doc. 55, p. 4).

Petitioner argues in his supplemental brief that his present habeas petition was filed prior to his maximum prison term expiration. Thus, he contends that he met the in custody requirement when he filed this habeas petition. (Doc. 59, pp. 7-9). Petitioner seemingly concedes that his sentence for his 1990 conviction has expired and that he has served the maximum prison term of the sentence for this conviction. Petitioner disputes our prior finding that he must show some adverse collateral consequences from a conviction which he still seeks to challenge if he is no longer in custody on that conviction. Petitioner states that since he has raised an actual innocence claim with regard to his 1990 assault conviction, that it must still be reviewed by this Court. (*Id.*).

We find that Petitioner's attack on his 1985 conviction, insofar as he claims that it was used to enhance his sentence for his 1990 conviction, which has been allowed to proceed, is a claim contingent upon Petitioner's underlying challenge to the 1990 conviction itself. However, since Petitioner is undisputedly no longer serving his sentence for his 1990 assault conviction and he is not "in custody" on that conviction for purpose of his §2254 habeas petition, Petitioner's collateral attack on his 1985 conviction with regard to its use for the enhancement of his 1990 sentence must

also fail.[9]

The Third Circuit Court of Appeals in *Defoy v. McCullough*, 393 F.3d 439, 441-442 (3d Cir. 2005), stated as follows:

> A prisoner may seek federal habeas relief only if he is in custody in violation of the constitution or federal law. 28 U.S.C. § 2254(a). Moreover, a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624, 631 (1982). This general principle derives from the case or controversy requirement of Article II of the Constitution, which "subsists through all stages of federal judicial proceedings, trial and appellate . . . the parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.,* 494 U .S. 472, 477-78 (1990) (internal citations and quotations omitted). In other words, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* at 477; *see also Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding that habeas petitioner does not remain "in custody" after the sentence imposed has fully expired merely because of the possibility that the prior conviction will be used to enhance sentences imposed for any subsequent crimes of which he is convicted); *United States v. Romera-Vilca*, 850 F.2d 177, 179 (3d Cir. 1988) (holding that prisoner's motion to vacate his conviction was not mooted when he was released from custody, where he faced potential deportation as a collateral consequence of conviction.

The *Defoy* Court also noted that there is a narrow exception to the general mootness rule, namely the collateral consequences doctrine. The Court explained:

---

[9]Even if this Court were to grant Petitioner's habeas relief request and find that his 1985 conviction was used to enhance his sentence for his 1990 conviction, the fact remains that Petitioner has now fully served the challenged sentence, and the Court cannot undo that by granting Petitioner habeas relief.

> The doctrine of collateral consequences applies where a former prisoner can demonstrate he will suffer some collateral consequences if his conviction is allowed to stand. *See Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968); *Chong v. Dist. Dir., INS,* 264 F.3d 378, 384 (3d Cir. 2001). It is a petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot. *United States v. Kissinger*, 309 F.3d 179, 181 (3d Cir. 2002). The Supreme Court has held that the length of a term of supervised release cannot be reduced "by reason of excess time served in prison." *United States v. Johnson*, 529 U.S. 53, 60 (2000). Requiring DeFoy to admit his guilt after having consistently denied it may have the collateral consequences of his being indicted for perjury. Therefore, even if DeFoy had already been released from prison, the collateral consequences doctrine would prevent the issue from being moot.

*Id*. at 442, n. 3.

Respondents state that Petitioner is no longer in custody with respect to his 1990 conviction, and Petitioner does not dispute this. (Doc. 59, pp. 7-9). This Court in *Coss v. Morgan,* Civil No. 01-0878, also recognized that as of March 21, 2005, Petitioner was no longer in custody or serving any sentence. We agree with the parties that Petitioner has completed service of his sentence for his 1990 conviction in its entirety.

We find that Petitioner has now completed in full his 1990 assault sentence, at the latest, by March 21, 2005, the date of his change of address filed in this case. We also take judicial notice of this factual finding made by this Court in the referenced *Coss v. Morgan* case, Civil No. 01-878. We further note that the Petitioner, in his supplemental brief, states that he filed that instant petition "prior to maximum date expiring on sentence" and that he acknowledges that his 1990 sentence has now expired. (Doc. 59, p. 9). Petitioner is clearly referring to his sentence for his 1990 conviction and, thus, admits that he is no longer in custody stemming from his 1990

10

conviction.[10]

Therefore, we find that the Petitioner is no longer in custody on his 1990 conviction and that he is not able to directly attack his 1990 conviction. Further, we find that, to the extent that Petitioner claims that the sentence he was serving at the time he filed his petition was enhanced by an invalid 1985 burglary conviction, he no longer satisfies the in custody requirement for federal habeas jurisdiction. *Maleng v. Cook*, 490 U.S. 488, 493 (1989) (*per curiam*); *Coss*, 204 F. 3d at 459. In his previous Brief, Petitioner stated that the 1985 juvenile burglary conviction was used to increase his prior record score by 2 points when he was re-sentenced in March, 2004, on his 1990 conviction. (Doc. 15, pp. 6-7 & Doc. 17, pp. 2-3). Thus, with respect to this claim in his 04-1847 Habeas Petition, we find that he no longer satisfies the in custody requirement of § 2254 because the underlying sentence has now fully expired. Since Petitioner's sentence for his 1990 conviction has been fully served, Petitioner's claim that his expired prior 1985 conviction was used to enhance his sentence for his 1990 conviction can no longer be maintained because he is not now serving any current sentence that the prior conviction allegedly was used to enhance.

Since we find that Petitioner is no longer in custody on his 1990 conviction with respect to his 04-1847 Habeas Petition, and that he cannot directly attack this conviction, we find that this claim in his Habeas Petition should be dismissed. To the extent that Petitioner claims that his 1985 conviction was used to illegally enhance his sentence for his 1990 conviction, this claim should also be dismissed, since Petitioner has not shown any collateral consequences as a result of his sentence

---

[10] The Third Circuit *Coss* Court stated that Petitioner was sentenced to a term of 6 to 12 years on his 1990 assault conviction. 204 F.3d at 457.

which he has now fully served, and there is no relief which the Court can give to him.

As discussed above, it is clear that Petitioner is no longer in custody on his 1990 conviction. Therefore, Petitioner does not meet the in custody requirement of § 2254 in order to be able to now attack his 1990 conviction. Accordingly, we shall recommend that Petitioner's Habeas Petition be dismissed.[11]

Recently, this Court in *Smith v. Sobina*, 2005 WL 1154391, * 1 stated as follows:

> Pursuant to 28 U.S.C. § 2254(a), a habeas petitioner must make a showing that he is "in custody pursuant to the judgment of a State Court." *See also Carfas v. LaVallee*, 391 U.S. (1968) (a habeas petitioner must be in custody under the conviction or sentence under attack at the time his petition is submitted). In *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam), the United States Supreme Court addressed a challenge to a state conviction by an applicant who had already completed service of his entire sentence. The Court held that § 2254(a)'s 'in custody' requirement was satisfied because the challenged conviction was used to enhance a subsequently imposed sentence which the applicant had not yet begun to serve. *See id.* at 493. Consequently, the Court concluded that the habeas petition could be properly construed as a challenge to the subsequent sentence.
>
> More recently, in *Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001), the Supreme Court established that a prior sentence used to enhance a federal sentence is no longer open to collateral attack via a motion

---

[11] To the extent that Petitioner claims that his prior 1985 conviction was used to enhance his now fully served sentence for his 1990 conviction, we find that this also does not qualify to have Petitioner 's §2254 petition reviewed because the sentence for his 1990 conviction has fully expired prior to deciding the petition on its merits and because Petitioner is no longer serving the sentence which was claimed to be improperly enhanced.

> under 28 U.S.C. § 2255. In reaching that determination, the Court stressed the need for finality of convictions and ease of administration.
>
> In a subsequent ruling, *Lackawanna County v. Coss*, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), the Supreme Court addressed Coss' challenge to his 1986 state conviction which he was no longer serving. Specifically, Coss claimed that his 1986 conviction resulted from ineffective assistance of counsel. Coss was serving a 1990 sentence and he contended that he could still challenge the 1986 sentence because it had negatively impacted his 1990 sentence. The Supreme Court, again noting the need for finality of convictions and ease of administration, held that Coss did not qualify to have his § 2254 petition reviewed because the expired prior conviction did not actually increase the length of his current sentence.

In the *Smith* case, this Court found that the Petitioner, who was released on parole, had not yet had his sentence fully expire. Thus, this Court found that the Petitioner still satisfied the in custody requirement. *Id.*, *2. Petitioner Coss, however, does not claim to be on parole with respect to his sentence for his 1990 conviction, and this sentence has admittedly fully expired. Petitioner Coss does not continue to serve his stated sentence, and thus, he no longer satisfies the in custody requirement.

In the present case, Petitioner acknowledges that he his sentence on his 1990 conviction has fully expired. (Doc. 59, pp. 7-9). It is *res judicata* that Petitioner is no longer in custody or serving any sentence. *Coss v. Morgan*, May 23, 2005, Order, p. 2, n. 1, Civil No. 01-878, M.D. Pa. Consequently, Petitioner no longer satisfies the in custody requirement of § 2254 for his remaining claims.

We do not find that Petitioner's claim that his 1985 juvenile burglary conviction was used to enhance his sentence for his 1990 conviction, which was one of the claims remaining in this case

in addition to the challenge of the 1990 conviction itself, any longer qualifies to have his petition reviewed due to the now fully expired sentence for his underlying 1990 conviction. Thus, Petitioner's habeas claims that his constitutional rights were violated at sentencing for his 1990 conviction and that he was innocent with respect to his 1990 conviction no longer qualify for review because he is no longer serving any sentence.[12]

We find that Petitioner is no longer entitled to habeas relief on his remaining claims in this case, *i.e.* whether the Petitioner's 1985 juvenile burglary conviction was used to enhance his sentence for his 1990 conviction and whether he was innocent of the 1990 assault conviction, since Petitioner is no longer in physical custody under his 1990 conviction, nor has Petitioner demonstrated any collateral consequences if his 1990 conviction is allowed to stand.[13]  Thus, the challenge to Petitioner's 1990 conviction cannot be considered due to the failure to meet the in custody requirement of § 2254.

---

[12] In the *Coss* Supreme Court case, the Court held that Petitioner's 1986 conviction was not used to actually increase the length of his sentence for his 1990 conviction, notwithstanding the fact that the sentencing court did consider the 1986 conviction when it looked at Petitioner's prior criminal record.  532 U.S. at 407.  Thus, even if the sentencing court did, in fact, consider, as one of several factors with respect to Petitioner's prior criminal record, Petitioner's 1985 conviction in sentencing him on his 1990 conviction, it does not necessarily show that the 1985 conviction actually increased the length of his 1990 sentence.  *See also Smith v. Sobina*, 2005 WL 1154391 (M.D. Pa.), * 1. ("The Supreme Court . . . held that Coss did not qualify to have his § 2254 petition reviewed because the expired prior conviction did not actually increase the length of his current sentence.").  The Supreme Court noted in the *Coss* case, when the court sentenced Petitioner on his 1990 assault conviction, it relied in part on "Coss' extensive and violent criminal record as a whole".  *Coss, supra*, 532 U.S. at 407.

[13] In particular, Petitioner has not claimed that he is on parole or that he has a subsequent sentence to serve.

**II. Recommendation.**

Based on the foregoing, it is respectfully recommended that the remaining claims in Petitioner's Habeas Petition be dismissed. Specifically, it is recommended that, to the extent that Petitioner is seeking to attack his 1990 assault conviction, this claim in his 04-1847 Habeas Petition should be dismissed, since he is no longer in custody on this conviction. Further, it is recommended that to the extent that Petitioner is claiming in his 04-1847 Habeas Petition that his 1985 juvenile conviction was used to enhance his sentence for his 1990 conviction, a sentence he has now fully served and which has expired, this claim should also be dismissed, since Petitioner is no longer in custody on this conviction.


                                       **s/ Thomas M. Blewitt**
                                       **THOMAS M. BLEWITT**
                                       **United States Magistrate Judge**

**Dated: July 25, 2005**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD R. COSS, | : | CIVIL ACTION NO. **1:CV-04-1847** |
| | : | |
| Petitioner | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JAMES WYNDER, | : | |
| | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 25, 2005.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *Defendant novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis

of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                **s/ Thomas M. Blewitt**
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: July 25, 2005**